IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GRETA McCLAIN and<br>MICHAEL FONDREN,<br><br>        Plaintiffs,<br><br>vs.<br><br>FIRST ACCEPTANCE CORPORATION,<br><br>        Defendant. | CASE NO. _____ |

## COMPLAINT

Come Plaintiffs Greta McClain ("McClain") and Michael Fondren ("Fondren") (sometimes hereinafter collectively referred to as "Plaintiffs", and for their Complaint against Defendant First Acceptance Corporation ("Acceptance" or "Defendant") allege the following:

### I. OVERVIEW

1. The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 to eliminate low wages and long hours, and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals and purposes, Section 7(a) of the FLSA "limits to forty (40) a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of forty (40) hours at a rate 'not less than one and one-half times the regular rate at which he is employed.'" *Walling v. Helmerich & Payne,* 323 U.S. 37, 39 (1944)(citing 29 U.S.C. §207(a)).

2. This is an action brought pursuant to the FLSA by Plaintiffs who worked as Total Loss Claims Adjusters during the past three (3) years prior to the filing of this Complaint and were not paid overtime for all hours worked in excess of forty (40) hours in a workweek.

3. As a Total Loss Claims Adjuster, including the three-year period prior to the filing of this Complaint, Plaintiffs were improperly classified as exempt employees by Defendant and were not paid overtime. In so doing, Defendant regularly and routinely violated the FLSA in a willful manner. Plaintiffs seek compensation for their unpaid overtime and liquidated damages based on Defendant's willful violation of the FLSA.

## II. PARTIES

4. McClain is a resident and citizen of La Vergne, Tennessee. McClain's Consent Form to join this lawsuit is attached as Exhibit 1.

5. Fondren is a resident and citizen of Mt. Juliet, Tennessee. Fondren's Consent Form to join this lawsuit is attached as Exhibit 2.

6. Acceptance is a Tennessee corporation with its principal place of business in Nashville, Tennessee.

7. Acceptance is a provider of personal automobile insurance and other related products.

8. Acceptance owns and operates over 350 retail locations in twelve (12) states, including Tennessee.

## III. JURISDICTION AND VENUE

9. During their employment as Total Loss Claims Adjusters, Plaintiffs were "employees" within the meaning of the FLSA, 29 U.S.C. §203(e)(1).

10. During Plaintiffs' employment as Total Loss Claims Adjusters, Defendant was an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

11. Defendant constitutes an enterprise or enterprises engaged in commerce within the meaning of 29 U.S.C. §203(e)(1) of the FLSA.

12. Defendant made in excess of $500,000.00 in annual dollar volume of business in each of the past three years.

13. As Total Loss Claims Adjusters, Plaintiffs were engaged in interstate commerce, the production of goods for interstate commerce, or an activity closely related and directly essential to the production of such goods.

14. This Court has jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 & §1343.

15. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391 because Defendant's principal place of business is located in this District and a substantial portion of the events forming the basis of the suit occurred in this District.

### IV. FACTS

16. In approximately August 2013, McClain was hired by Defendant as a Total Loss Claims Adjuster. McClain worked as a Total Loss Claims Adjuster until approximately March 2016.

17. In approximately October 2013, Fondren was hired by Defendant as a Total Loss Claims Adjuster. Fondren worked as a Total Loss Claims Adjuster until approximately October 2015.

18. When McClain was hired by Defendant as a Total Loss Claims Adjuster in August 2013 and throughout her employment, McClain was classified by Defendant as an exempt employee and was not paid overtime.

19. When Fondren was hired by Defendant as a Total Loss Claims Adjuster in October 2013 and throughout his employment, Fondren was classified by Defendant as an exempt employee and was not paid overtime.

20. As a Total Loss Claims Adjuster, Plaintiffs' duties consisted of processing the paper work for property damage claims previously determined by the Defendant to be total losses.

21. As Total Loss Claims Adjusters, Plaintiffs normally and regularly worked more than forty (40) hours in a workweek but were not paid overtime.

22. As Total Loss Claims Adjusters, Defendant did not pay Plaintiffs 1.5 times their regularly hourly rate for any hours worked over forty (40) in any workweek.

## V. VIOLATIONS OF THE FLSA

23. Throughout Plaintiffs' employment, Defendant improperly classified all Total Loss Claims Adjusters as exempt employees under the FLSA and did not pay Plaintiffs or any Total Loss Claims Adjusters any overtime. Defendant should have instead classified Plaintiffs as non-exempt employees because Plaintiffs' job duties and responsibilities did not meet any of the legal requirements necessary for exempt status under the FLSA.

24. Defendant violated 29 U.S.C. §207(a) by failing to pay Plaintiffs time and one-half their regular hourly rate for all hours worked in excess of forty (40) hours during a workweek during their employment with Defendant as Total Loss Claims Adjusters.

25. Defendant's violation of the FLSA was willful and intentional. In the alternative, Defendant's violation of the FLSA was reckless in that Defendant classified Plaintiff as exempt despite failing to perform any due diligence or to take the necessary steps to ensure that such classification was correct.

26. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendant is liable to Plaintiffs for the full amount of all of Plaintiffs' unpaid overtime compensation, an additional equal amount as liquidated damages, plus the attorney's fees and costs incurred in preparing and pursuing this action.

## **PRAYER**

WHEREFORE, Plaintiffs respectfully requests judgment be entered in Plaintiffs' favor, awarding:

    A.    overtime compensation for all unpaid hours worked in excess of forty hours in a workweek at the rate of one and one half times their regular rate of pay;

    B.    an equal amount as liquidated damages as allowed under the FLSA, or in the alternative pre- and post-judgment interest;

    C.    reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

    D.    pre-judgment and post judgment interest at the highest rates allowed by law; and

    E.    such other relief as to which Plaintiffs may be entitled.

Respectfully Submitted,

DICKINSON WRIGHT PLLC

By: /s/ Peter F. Klett, III
    Peter F. Klett, III # 12688
    Martin D. Holmes, # 12122
    Joshua Burgener, #29077
    424 Church Street, Suite 1401
    Nashville, TN 37219
    (615) 244-6538
    (844) 670-6009 (fax)
    pklett@dickinsonwright.com
    mdholmes@dickinsonwright.com
    jburgener@dickinsonwright.com

    *Attorneys for Plaintiffs*

NASHVILLE 74126-1 593770v2